**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Richard P. Rollo, Esq.
Kevin M. Gallagher, Esq.
Travis S. Hunter, Esq.
Nicole K. Pedi, Esq.
Angela Lam, Esq.
Christian C.F. Roberts, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Steven L. Caponi, Esq.
Matthew B. Goeller, Esq.
K&L GATES LLP
600 King Street, Suite 901
Wilmington, Delaware 19801

RE:     *Laura Perryman, et al. v. Stimwave Technologies Incorporated*,
        C.A. No. 2020-0079-SG, Petitioner's Motion for Recoupment

                Submitted:  April 9, 2021
                Decided:    April 15, 2021

Dear Counsel:

This Letter Opinion considers, and rejects, Respondent Stimwave Technologies Incorporated's ("Stimwave") Motion for Recoupment (the "Motion").[1]  The facts of this contentious case have been laid out in great detail in my post-trial Memorandum Opinion (the "Post-Trial Opinion")[2] and my Letter

---

[1] The Motion was made orally during oral argument on Petitioner Laura Perryman's Motion for Reargument.  2-3-2021 Oral Arg. re Resp't's Mot. for Entry of an Order Implementing the Court's Memorandum Op., Pet'r's Mot. for Reargument, at 14:17, Dkt. No 147.
[2] *Perryman v. Stimwave Techs. Inc.*, 2020 WL 7240715 (Del. Ch. Dec. 9, 2020).

Decision denying Petitioner Laura Perryman's Motion for Reargument;[3] I refer interested readers to those opinions for a more complete recitation. Here, it is sufficient merely to note that: (1) in my Post-Trial Opinion, I found that Petitioner Laura Perryman was not entitled to advancement by Respondent Stimwave, but her husband, Petitioner Gary Perryman, was;[4] and that (2) the Perrymans have represented that "we . . . undertake to repay any Expenses advanced if it shall ultimately be determined that we are not entitled to be indemnified against such Expenses."[5]

Stimwave had, at the time of my Post-Trial Opinion, advanced over $1.4 million to Laura Perryman.[6] While it admits that some of that advancement would have covered work performed for Gary, Stimwave believes that approximately $1.2 million of that amount went towards work for Laura. Of course, Gary's counsel may dispute this allocation of fees—that is an issue for another day.

But in any event, both Stimwave's entitlement to and practical ability to obtain disgorgement are fraught with difficulty. As to the latter, the Petitioners, in filing their Complaint for Advancement and Indemnification, attached an affidavit from

---

[3] *Perryman v. Stimwave Techs. Inc.*, 2021 WL 608266 (Del. Ch. Feb. 17, 2021).

[4] As in my prior decisions, I refer to the Perrymans individually by their first names for clarity. In doing so, I intend no disrespect.

[5] Ex. 1 to Resp't's Mot. for Entry of an Order Implementing Dec. 9, 2020 Memorandum Opinion, Dkt. No. 138.

[6] Resp't's Mot. for Entry of an Order Implementing Dec. 9, 2020 Memorandum Op. ¶ 5, Dkt. No 138 [hereinafter, the "Motion for Implementing Order"].

Laura asserting that she and her husband "currently own no real estate" and "have under $50,000 of liquid assets and monthly expenses of approximately $12,000."[7] If these assertions are true, it seems likely that Laura is currently unable to repay the amounts advanced to her. Perhaps sensing the futility of a Motion for Recoupment directed at Laura, Stimwave seeks to have the amounts advanced to Laura credited against *the amounts to be advanced to Gary*, who I have found to be entitled to advancement.[8] To be clear, it is Stimwave's position that because Laura and Gary entered a *single* recoupment undertaking which both signed, the resulting obligation for recoupment is the responsibility of the marital unit by the entireties, and that the marital unit is responsible to repay. It also asserts that any advancement obligation to Gary on Stimwave's part is really an asset of the same marital entireties. Stimwave's conclusion, rather remarkable to me, is that it may set-off advancement to Gary, as entireties representative, in the amount Laura, as entireties representative, was paid and, per Stimwave, is obligated to repay.

Setting aside the issues of coverture and marital debt that the parties raise, Stimwave's Motion for Recoupment is, in the first instance, premature. As the Supreme Court held in *Kaung v. Cole Nat. Corp.*, recoupment for fees *improperly* advanced is premature if brought before the indemnification liability is determined,

---

[7] Aff. of Laura Perryman in Supp. of Pet'r's Opening Br. In Supp. of Their Mot. for a Temporary Restraining Order and Mot. to Expedite ¶¶ 9–10, Dkt. No. 1.
[8] Motion for Implementing Order ¶¶ 10–11.

"just as a direct recoupment claim would have been for fees [properly] advanced."[9] In *Kaung*, the respondent company had advanced fees for a non-legal consultant under its advancement obligations.[10] The Court later found that those fees were not advanceable and granted the respondent's motion for recoupment.[11] The Supreme Court reversed, noting that although the petitioner employee was "not entitled to advancement" of those fees, the recoupment claim was premature because liability for indemnification had not yet been determined—and, in fact, could not be determined in an advancement proceeding, which is summary in nature.[12]

Stimwave attempts to distinguish *Kaung* by noting that the Petitioners' claim here is for both indemnification *and* advancement, and that Laura's right to indemnification is, therefore, before me. True.[13] But the question of indemnification has not yet been litigated, much less determined, and whether Stimwave may recoup its improperly advanced fees will depend on that determination. Indeed, if I find that Stimwave must indemnify Laura for her legal fees, the advanced amounts would not be recoverable at all, and Stimwave will also be responsible for fees incurred but not advanced.[14] In any event, the explicit terms of the undertaking only require

---

[9] 884 A.2d 500, 509 (Del. 2005).
[10] *Id.* at 504.
[11] *Id.* at 505.
[12] *Id.* at 509.
[13] Verified Compl. For Advancement and Indemnification, Dkt. No. 1.
[14] While I found that Laura was not entitled to advancement because she did not enter a contractual "indemnification agreement" which provided advancement rights, that finding does not dispose of

4

payment after "it . . . [is] ultimately . . . determined that we [the Perrymans] are not entitled to be indemnified" for amounts advanced.[15]

Even disregarding *Kaung*, however, Stimwave's attempt to credit fees advanced to Laura against fees owed to Gary (as in, to set those amounts off against Gary's advancement rights), is, to my mind, misguided. Delaware has, ever since 1852, repudiated the doctrine of coverture.[16] Since that time—a decade, I note, before the Civil War—this Court has recognized women as juridical persons, full citizens[17] with property rights separate from those of their husbands.[18] Gary is a corporate fiduciary. His right to advancement was extended to him without regard to his marital status, to encourage his participation in Stimwave. Laura, independently, is also a corporate fiduciary. She has indemnification rights which may or may not prove sufficient to cover her legal fees here; she has received advancement to which she was not entitled, which she may or may not be responsible

---

the issue of her right to indemnification; the corporate documents themselves provide for indemnification.

[15] Ex. 1 to Resp't's Mot. for Entry of an Order Implementing Dec. 9, 2020 Memorandum Opinion, Dkt. No. 138.

[16] *See* 13 Del. C. § 311 (West Del. C. Ann.) (citing Rev. Code Del. 1852, § 1469).

[17] Full citizens with regard to property rights, that is. Delaware was slow to extend the emoluments of citizenship to women; for example, the 19th Amendment, extending the right to vote to women, was ratified by the States on August 18th, 1920, but timely ratification efforts in Dover were unsuccessful, and the First State did not ratify until 1923, by which time the action was of symbolic value only.

[18] *See* 13 De. C. § 311.

to repay.  Their advancement and indemnification rights do not strike me as marital assets.

Stimwave argues that it takes no issue with Laura and Gary having separate property rights,[19] but argues that the undertaking by Laura and Gary to repay expenses, a single undertaking signed by each, was a joint undertaking, and as a result the amounts paid Laura represent a marital debt that is jointly owed by both Laura and Gary.[20]  But even should Stimwave be correct in this assertion, any obligation to repay the improperly-advanced fees will be (if Laura proves not entitled to indemnification) simply a debt owed Stimwave.  To my mind, allowing a set-off of debt owed to an entity, even one owed directly by an indemnitee, against his advancement rights is unwarranted and would defeat the purpose of advancement, which is to provide individuals with an incentive to provide corporate services and allow them to defend a claim that they may not be able to fund themselves, pending indemnification.

---

[19] Note that I do not in any sense accuse Stimwave of misogyny in attempting to shift Laura's repayment obligation on to her husband; I am confident that, were Laura and Gary's positions reversed, Stimwave would have made the same argument.

[20] Resp't's Reply in Supp. of Recoupment ¶¶ 6–7 (citing *Garrison v. Downing*, 226 A.3d 195, 197 (Del. 2020), Dkt. No. 152.

For the foregoing reasons, the Respondent's Motion for Recoupment is DENIED without prejudice.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III


cc:     All counsel of record (by *File & ServeXpress*)